UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

**REX MELTON**                                                                                                                        **PLAINTIFF**

v.                                                        **CIVIL ACTION NO. 1:23-CV-P21-JHM**

**SAMANTHA BRIGHT** *et al.*                                                                                    **DEFENDANTS**

**MEMORANDUM OPINION**

This is a *pro se* 42 U.S.C. § 1983 prisoner civil-rights action. The matter is before the Court for screening of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss this action.

**I.**

Plaintiff Rex Melton is a state prisoner. He sues three Defendants in their official capacities only – Samantha Bright, Parole Officer, Probation and Parole; William Mustage, Branch Manager, Kentucky Department of Corrections (KDOC); and Andrea M. Bentley, Offender "Info." Services, KDOC.

Plaintiff makes the following allegations in the complaint:

Claim 1) [Plaintiff] served a fifty year prison term out on my minimum expiration date on Jan. 6, 2021; while on parole my [] Parole Officer Samantha Bright refused to discharge me from parole. Though [she] could produce no record that I [] was still on parole, [she] did, after approximately one year, on December 14, 2021, produce a litany of emails between her and [Defendant] Mustage . . . . [He] explains that my [K]DOC accounts were shut down by KOMS on my minimum expiration date but that he . . . would reopen them . . . . He also informed [] Samantha Bright that [I] would have to stay on parole until my maximum expiration date of October 23, 2040, because my crime is deemed violent. I [] contended that I [] committed my crime on Sept. 14, 1989 and the statute . . . does not apply to me . . . . [] Mustage was applying a version of the statute that became effective on July 15, 1998; dealing with 85% sentencing guidelines for violent offenders and was not to be applied to me . . . . Samantha Bright advised me in reference to only the emails provided by [] Mustage . . . that I [] would be on parole until Oct. 23, 2040. I [] felt the abuse by my Parole Officer Samantha Bright and . . . Mustage too severe. I [] could not

bring myself to return to the Parole Office and report again. On Oct. 24, 2022, I [] was arrested on a Parole warrant and incarcerated. My Parole Officer charged me with absconding, though [I] believed [I] was not on parole. The Parole Board deferred Plaintiff nine months and will not consider or investigate whether this Plaintiff is not legally on parole. The [KDOC] has made a new fraudulent Resident Record Card starting a new sentence of seven years. Also on [the] Card the language saying [Plaintiff] is not eligible for statutory good time and credits follow: Statutory Good Time 12 years and 6 months, Meritorious Good Time 4 years and 17 days, Parole Compliance Good Time 1 year and 7 months. This equals 19 years, 10 months and 23 days off my prison term; and subtracted from my maximum expiration date of November 30, 2040 making [my] minimum expiration date Jan. 6, 2021.

The actions of my [] Parole Officer Samantha Bright and [] Mustage violates my 5th, 6th, 11th, and 8th Amendment rights under the Constitution of the United States by adding time to my served out prison term without due process of law and placing me [] twice in jeopardy for the same crime accumulating to cruel and unusual punishment . . . . I [] have been illegally imprisoned due to the actions of [] Bright and [] Mustage since October 23, 2022, and remain imprisoned to date. I request relief from illegal detention . . . .

Claim (2) On December 2, 2022, [Defendant] Andrea Bentley . . . recalculated my served out prison terms and added seven years and twenty five days . . . to an already served out prison term. [She] advised me by mail that I [] could not serve out while on parole and that I had absconded and would be sent back to prison with a new minimum expiration date of Jan 10, 2028, and a new maximum expiration date of Nov. 25, 2047 and that though [I] could got all good time credits and even parole compliance credits that I could not serve out my minimum expiration date of Jan. 6, 2021 and that I would be sent back to prison to serve out to my minimum expiration date that she calculated outside of any legislative boundaries to now be Jan. 10, 2028. [She] violated by constitutional rights to due process of law by not honoring legislative intent and by placing Plaintiff twice in jeopardy for the same crime. This Plaintiff could not have absconded beginning Jan. 11, 2022, when [he] served out his prison term on Jan. 6, 2021; by Method of Discharge: Minimum Expiration or by the law outside of personal opinion not supported by any law. Plaintiff's 5th, 6th, 11th, and 8th Amendment rights of the United States of America Constitution have been violated by [Defendant] Bentley. This Plaintiff requests this Honorable Court to declare and prepare a declaration in support of Plaintiff.

As relief, Plaintiff states that he seeks "a declaration that Plaintiff is correct in believing he served out under the law sentenced under or in effect at the time crime was committed."

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to

the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

It is clear that this suit arises from the revocation of Plaintiff's parole, which he claims was due to the unconstitutional actions of Defendants. He seeks both release from confinement and declaratory relief. Upon review, the Court concludes that this action is barred by the *Heck* doctrine.

In *Heck v. Humphrey*, the Supreme Court held that a state prisoner cannot make a cognizable claim under § 1983 for an alleged unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. 477, 486-87 (1994); *see also Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997); *Thomas v. Eby*, 481 F.3d 434, 438 (6th Cir. 2007). In *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005), the Supreme Court clarified the *Heck* rule, finding "that a state prisoner's § 1983 action is barred (absent prior invalidation)—

4

no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration."

"*Heck* 'applies to proceedings that call into question the fact or duration of parole or probation.'" *Noel v. Grzesiak*, 96 F. App'x 353, 354 (6th Cir. 2004) (quoting *Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996)). As such, a plaintiff is required to show "that his parole revocation has been overturned by either a . . . state court or a federal habeas corpus decision" before seeking relief under § 1983. *Norwood v. Mich. Dep't of Corr.*, 67 F. App'x 286, 287 (6th Cir. 2003); *see also Munofo v. Alexander*, 47 F. App'x 329, 331 (6th Cir. 2002) (finding that plaintiff's "allegations of procedural defects are clearly an attempt to challenge the substantive result in the parole hearing" and are controlled by *Heck*); *Smith Taylor-Pedersen*, No. 5:17-cv-11532, 2018 U.S. Dist. LEXIS 88240, at *11 (E.D. Mich. Apr. 30, 2018) (holding § 1983 claims involving the plaintiff's parole revocation were precluded by *Heck* because he had not demonstrated the invalidity of his parole revocation by either a state court or a federal habeas decision); *Lucas v. Prob. & Parole*, No. 3:08CV-P301-S, 2010 U.S. Dist. LEXIS 15683, at *9 (W.D. Ky. Feb. 23, 2010) (finding that plaintiff's action was barred by *Heck* because if the court were to find that defendants "violated [p]laintiff's due process rights by making false allegations in the probation violators warrant and revocation hearing, such an action would necessarily demonstrate the invalidity of [p]laintiff's revocation and his current confinement").

In the present case, a finding that Plaintiff's parole was improperly revoked due to Defendants' allegedly unconstitutional actions would necessarily imply the invalidity of Plaintiff's continued confinement. Moreover, Plaintiff has not shown that his parole revocation has been

overturned. Thus, this § 1983 action is barred by *Heck* and will be dismissed for failure to state a claim upon which relief may be granted.

The Court additionally observes that even if this § 1983 action was not barred by *Heck*, Plaintiff could not seek release from imprisonment herein. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.").

### IV.

The Court will enter a separate Order dismissing this action consistent with this Memorandum Opinion.

Date: July 12, 2023

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.011